-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDA WRIGHT,

        Plaintiff,

    -v-                               06-CV-6662T
                                         **ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security,

        Defendant.

---

## INTRODUCTION

Plaintiff Linda Wright("Wright"), brings this action pursuant to the Social Security Act, (codified in relevant parts at 42 U.S.C. § 401 et. seq. and 42 U.S.C. § 1381 et. seq.) claiming that the Commissioner of Social Security improperly denied her application for disability insurance and supplemental income security benefits.[1] Specifically, Wright alleges that the decision of an Administrative Law Judge ("ALJ") was erroneous and not supported by the substantial evidence contained in the record, or was contrary to law.  Wright requests that the Court modify the decision to grant monthly benefits to her, or, in the alternative, to remand the action to the defendant for a reexamination and reconsideration of the evidence.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by

---

[1] This case (formerly civil case 04-CV-0323A) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 27, 2006.

substantial evidence, and was made in accordance with applicable law. Plaintiff opposes defendant's motion, and cross-moves for judgment on the pleadings. For the reasons stated herein, the case is remanded to the Commisioner for calculation of benefits.

BACKGROUND

On February 3, 2000, plaintiff Linda Wright, then aged 45 years old, applied for Social Security disability benefits and supplemental income security benefits claiming that she became disabled on July 23, 1998 due to depression, fibromyalgia/chronic myofascial pain, muscle atrophy, arthritis, tendonitis, carpal tunnel syndrome, left shoulder pain, degenerative disc disease of the cervical spine at C4-6 with bone spurs, headaches, lower back pain, right hip muscle atrophy, bad knees, and anxiety and panic attacks. T. 227, 235, 252.[2] Wright's application was initially denied, and thereafter, Wright requested an administrative hearing before an Administrative Law Judge (ALJ) which took place on October 18, 2000. Plaintiff was represented at the hearing by attorney Kenneth R. Hiller.

In an August 27, 2003 decision, Administrative Law Judge Nancy Lee Gregg found that although Wright suffered from a combination of

---

[2] Plaintiff had previously filed an application for a period of disability on April 22, 1996 with an alleged onset date of May 4, 1995. T. 19. Plaintiff sought review in this Court alleging that the ALJ's decision that the plaintiff had the residual functional capacity to perform her previous work as a keypunch and CRT operator was not supported by substantial evidence (00-CV-0750A). Judge Richard Arcara adopted the Magistrate Judge's Report and Recommendation and remanded the case for reconsideration of the weight to be given plaintiff's treating physician's opinion whether plaintiff could perform jobs requiring repetitive hand motions, and, if necessary, to determine if there were anyjobsin the national economy which plaintiff would be qualified to perform. The ALJ found that because of the res judicata effect of the previous administrative decision, the hearing at issue here was administratively adjusted to address only the period after that decision, which was issued on July 23,1998. T. 21.

severe impairments, including spondylosis of the cervical spine at C4-5, C5-6, encroaching on the left intervertebral foramina at C6-7 and C7-T1, with narrowing of the spinal canal and some flattening of the thecal sac at C5-6, but no disc protrusion; abuse of prescription narcotic medications; alcohol dependence; fibromyalgia/myofascial pain syndrome; tobacco abuse disorder; adjustment disorder with depressed mood and anxiety; personality disorder with borderline traits and a panic disorder; plaintiff's impairments did not meet or equal a Listing.  T. 23-25.  She then determined that plaintiff retained the residual functional capacity (RFC) to lift, carry, push, and pull up to twenty pounds occasionally and ten pounds frequently; sit up to two hours at a time and up to eight hours in an eight-hour workday, with normal breaks; stand and/or walk for about six hours total in an eight hour workday, with normal breaks; frequently balance; and occasionally climb stairs and ramps (but never climb ropes, ladders or scaffolds), crouch, kneel, crawl, and stoop.  T. 31.  She found plaintiff was limited in her ability to perform repetitive overhead arm movements but was not limited in reaching, handling, fingering, or feeling and that she should avoid operating heavy equipment, hazardous machinery, or driving motor vehicles while on narcotic medications or after indulging in alcohol and avoid concentrated exposure to dust, fumes (including tobacco smoke), odors, gases, and poor ventilation.  T. 35.

The ALJ also found that plaintiff's mental impairments, including substance abuse, did not significantly limit her ability

to remember locations and work-like procedures or understand, remember, or carry out short or simple instructions. T. 31. She found that plaintiff was moderately limited in her ability to understand, remember and carry out detailed instructions; work in coordination with others without being distracted by them; and be aware of normal hazards and take appropriate precautions. T. 31. She found plaintiff markedly limited in her ability to maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision; make simple work-related decisions; complete a normal workday and workweek without interruptions from psychologically based symptoms; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; maintain socially appropriate behavior and to adhere to the basis standards of neatness and cleanliness; respond appropriately to changes in the work setting; travel in unfamiliar places or use public transportation; and set realistic goals or make plans independently of others. T. 35-36.

The ALJ found, however, that when plaintiff is complaint with her prescribed medications and absent limitations related to plaintiff's substance abuse, her residual mental impairments would only limit her RFC by precluding her from working in contact with the general public and having significant interaction (more than occasional) with co-workers. T. 36.

The ALJ found that although plaintiff had impairments that are considered "severe" based on the requirements in Regulations 20 CFR §§ 404.1520(B) and 416.920(b), she was not disabled within the meaning of the Act and thus not entitled to Disability Insurance Benefits, or eligible for Supplemental Security Income payments. Wright's request for review of the ALJ's decision by the Appeals Council was denied on March 18, 2004, and on April 27, 2004, plaintiff filed this action.

DISCUSSION

I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim. Marcus v. Califano, 615 F. 2d 23, 27 (2d Cir. 1979) (Where evidence has not

been properly evaluated because of an erroneous view of the law, however, the determination of the Secretary will not be upheld).

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). For the reasons discussed below, the Commissioner's motion for judgment on the pleadings is denied, and plaintiff's cross-motion for judgment on the pleadings is granted the case is remanded for calculation of benefits.

### II. The Medical Evidence is Insufficient to Support the ALJ's Conclusion That Alcohol Was a Contributing Factor Material to the Determination of Disability

The ALJ found that the medical evidence indicated Wright has a combination of severe impairments, but that those impairments did not meet or equal any impairment set forth in the Administration's listing of impairments. The ALJ concluded that Wright could sit for

up to eight hours, stand and/or walk for up to six hours, lift and carry 25 pounds frequently and up to 50 pounds occasionally; that she must avoid machinery, unprotected heights and climbing ropes, ladders, scaffolding; and that she must avoid concentrated exposure to dust, fumes, extreme temperatures, and prolonged reading. Further, she found that plaintiff is moderately limited in the ability to understand, remember, and carry out detailed instructions; work in coordination with others without being distracted by them; and to be aware of normal hazards and take appropriate precautions.  She was markedly impaired in her ability to maintain attention and concentration for either short or extended periods; perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, sustain an ordinary routine without special supervision, make simple work-related decisions, complete a normal workday and workweek without interruptions from psychologically based symptoms, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, maintain socially appropriate behavior and to adhere to the basic standards of neatness and cleanliness, respond appropriately to changes in the work setting, travel in unfamiliar places or use public transportation, and set realistic goals or make plans independently of others. T. 35-36. Despite the combination of these impairments, the ALJ concluded that plaintiff is able to perform her past relevant work as an office helper, general clerk and data entry

clerk.[3]  Therefore, the ALJ concluded that Wright is not under a disability.

Pursuant to 42 U.S.C. § 423(d)(2)(c), a person found to be disabled after the completion of the sequential evaluation will not be considered disabled within the meaning of the Act "if alcoholism or drug addiction would...be a contributing factor material to the Commissioner's determination that the individual is disabled." The "key factor' in this determination is whether the Commissioner would still find a person disabled if [she] stopped using drugs or alcohol.  20 C.F.R. § 416.935(b)(1).

The ALJ found the plaintiff unable to perform her past relevant work at step four of the sequential evaluation process, and unable to perform any other work at step five of the sequential evaluation process.  The ALJ found that alcohol and drug use was a material factor in her disability.  The ALJ was then required to determine which of plaintiff's physical and mental limitations would remain if plaintiff stopped using alcohol, and then determine if those remaining limitations would be disabling.  Id. at § 416.935(b)(2). If the remaining limitations would still be disabling, substance abuse is not a contributing factor to the determination of disability.  Here, the ALJ found that in the absence of her substance abuse impairments, and if plaintiff were compliant with prescribed medications and therapy, her remaining mental impairments

---

[3]As in Wright's previous appeal, the ALJ has failed to support with vocational expert or other evidence the finding that plaintiff could perform her past relevant work with the combination of physical and mental limitations she possesses.  See, 00-CV-0750A (W.D.N.Y. 2004)

8

would only limit her RFC by precluding her from working in contact with the general public and having significant interaction with co-workers. T. 36. She found that plaintiff could perform her past relevant work as an office helper, general clerk and data entry clerk. T. 36-37.

The ALJ erred in her determination regarding plaintiff's substance abuse because she failed to explain the basis for her decision: apparently disregarding the treating psychiatrist's opinion without explanation, and disregarding the plaintiff's testimony (which testimony constituted the only evidence in the record regarding plaintiff's alcohol use) without addressing a basis for discounting her credibility. SSR96-7p. The ALJ cited no evidence in the record to support her determination as to the effects of plaintiff's substance abuse on her mental impairments. Notably, the ALJ did not find that plaintiff suffered from major recurrent depression, although that was plaintiff's treating psychiatrist's primary diagnosis, and the psychiatrist did not cite substance abuse as part of her diagnosis. T. 186. The ALJ failed to cite appropriate reasons for rejecting the treating physician's opinion on this key issue.

Further, although the ALJ cites the opinion of Dr. Hill, the consultative examining psychologist, for the proposition that alcoholism continued to be a major condition suffered by the plaintiff(T. 24, 28), the ALJ failed to credit the fact that Dr. Hill believed that although plaintiff was functioning better after abstaining from drinking (T. 543, 552), she still remained unable

to work. Dr. Hill found that plaintiff was unable to get to work on time, interact appropriately with her co-workers, or focus well enough to be able to "get the job done", and that "she continues to have a very nasty personality and be a very difficult person." T. 768. The ALJ cited in the record no RFC mental evaluations regarding plaintiff's mental limitations absent substance abuse that conflicted with that of plaintiff's treating psychiatrist. In fact, there are none in the record. Therefore, the ALJ's Mental RFC determination absent substance abuse is a medical assessment beyond her competence. The ALJ "cannot arbitrarily substitute [her] own judgment for competent medical opinion. <u>Rosa v. Callahan</u>, 168 F. 3d 72, at 79 (2d. Cir. 1999)(Citing <u>McBrayer v. Secretary of Health and Human Services</u>, 712 F. 2d. 795, 799 (2d. Cir. 1983). The ALJ's decision must be reversed as unsupported by substantial evidence.

### III. <u>I Find That the ALJ Erred by Failing to Give Claimant's Treating Psychiatrist's Opinion Controlling Weight</u>

The plaintiff's treating psychiatrist and her treating certified social worker determined that plaintiff was severely limited, consistent with the opinions of Dr. Hill and the state agency review physicians. Her certified social worker found that plaintiff would not be able to work even if she abstained from alcohol. T. 522. Plaintiff's treating psychiatrist diagnosed her with recurrent severe major depression in January of 2002. T. 186. He did not diagnose her with alcoholism. It played no part in his analysis. The ALJ erred in failing to give controlling weight to the opinion of plaintiff's treating psychiatrist, supported by

10

medically acceptable clinical evidence, and absent any inconsistent substantial evidence.  20 C.F.R. § 404.1527 (d)(2).  The ALJ neglected to even address the treating psychiatrist's primary diagnosis of major severe recurrent depression and failed to explain why she did not find that plaintiff had this impairment.  She failed to give weight to the treating psychiatrist's opinion that plaintiff's working with people or working alone were not recommended, that reliability for continued effort and routine work were not recommended, and that plaintiff was unable to work day, night, or part-time.  T. 186.[4]  Although the ultimate finding on an issue is reserved to the Commissioner, she is required to assess the medical evidence and assign weight to be given based on appropriate legal standards.

Further, the ALJ erred in apparently failing to give any weight to the opinion of the treating certified social worker who treated plaintiff on a monthly basis.  The certified social worker's reports were entitled to consideration as "other source" evidence. 20 C.F.R. § 416.913(d), SSR 85-16.  See, White v. Commissioner, 302 F. Supp. 2d170, at 175-176.  Further, the ALJ erred in failing to resolve the conflicts between plaintiff's treating professionals and the state agency review physicians and Dr. Hill who the ALJ cites for contrary opinions regarding whether alcohol was a contributing factor in plaintiff's disabilities.  20 C.F.R. §404.1527(d).

---

[4] It is also important that the ALJ, in finding that plaintiff could perform her past relevant work as an office helper, general clerk and data entry clerk, failed to address that plaintiff had previously only performed these activities on a part-time, and periodic basis, as she was able, consistent with her physical limitations.  T. 46-51.

11

### IV. I Find That the ALJ Did Not Properly Determine the Claimant's RFC

The ALJ properly made two mental RFC assessments. The first found plaintiff to be moderately to markedly impaired in almost every mental functioning category. T. 31-32. These findings were consistent with the state agency review physicians' findings in September of 2000 and January of 2001. T. 540-542.

The ALJ then made a second mental RFC assessing plaintiff's mental limitations absent the affects of substance abuse. T. 21-2 and 31-32. She found that absent the impact of substance abuse, and if she was compliant with prescribed medication and therapy, her only remaining mental impairments would limit her from contact with the general public and from significant contact with co-workers. T. 32. Two different state agency review physicians disagreed and found plaintiff limited either moderately or markedly in most areas of mental functioning. T. 24, 554 and 540-541. The ALJ gave no evidentiary support for adopting the less severe assessment. This and other conflicts were not resolved as required by SSR96-8p. More importantly, the ALJ's decision does not cite the evidence in the record that she relied on to support her determination of plaintiff's mental RFC absent substance abuse. The only sources of evidence cited that support the ALJ's determination were the opinions of the state agency review physicians that alcoholism was material to their findings, and the opinion of the consultative examining psychologist, Dr. Hill, that plaintiff was functioning better in the January 2001 examination than in August of 2000, and

that alcoholism was plaintiff's major diagnosis.  T. 24, 28, 543, 552.  However, evidence cited by the ALJ that plaintiff's mental functioning may have improved after she abstained from alcohol does not provide evidence to support the ALJ's finding that claimant's functioning would improve without alcohol to the point where she would not be mentally impaired.  Although Dr. Hill found improvements in plaintiff's mental functioning in January of 2001 absent alcohol, he still found that plaintiff remained unable to work, that she would never get to work on time, that she would never be able to interact appropriately with her fellow workers and would not focus well enough to "get the job done."  T. 768.

There is no evidence in the record that plaintiff was drinking after March of 2000, except for two brief relapses.  T. 69-71, 946, 525, 686, 702, 747.  And the ALJ did not make a specific finding that the plaintiff consumed alcohol more than acknowledged after March of 2000.  An ALJ must address any rejection of a claimant's testimony and make explicit credibility determinations, including as to the use of alcohol.  Petit v. Apfel, 218 F. 3d 901 (8th Cir. 2000.)

> V.  I find that the ALJ erred by not properly developing the medical record with respect to Wright's conditions and limitations

The ALJ has a "duty to develop the factual record, regardless of whether the claimant is represented by legal counsel.  Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000) (citing Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir.1998) ("[E]ven if the clinical findings

13

were inadequate, it was the ALJ's duty to seek additional information from [the treating physician] *sua sponte*."); Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) ("[T]he rule in our circuit [is] that 'the ALJ, unlike a judge in a trial, must himself affirmatively develop the record' in light of 'the essentially non-adversarial nature of a benefits proceeding....' [E]ven when, as here, claimant is represented by counsel.") (internal quotations omitted)). If the ALJ doubted the treating physician's diagnosis of recurrent sever major depression, she had a duty to develop the record regarding this issue, not summarily reject it without written explanation. Similarly, the ALJ had a duty to develop the record regarding plaintiff's mental RFC absent alcohol in order to address this key issue. Instead, the ALJ merely made a medical conclusion not within her capacity, and at odds with that of plaintiff's treating professionals, without substantial evidence to support it.

Here, a remand for reconsideration of plaintiff's disability status is unnecessary. The Administration had an opportunity to correct the ALJ's errors once before and send it back to the ALJ. It chose not do so when the Appeals Council summarily denied plaintiff's request for review based on a record containing these errors. Accordingly, further administrative proceedings would serve no useful purpose. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir.1987); Martinez v. Commissioner, 262 F. Supp.2d 40, 49 (W.D.N.Y. 2003). The record has been sufficiently developed to establish that substantial evidence support's a finding that plaintiff's disabling mental impairments would continue absent

14

substance abuse. Apart from the ALJ's erroneous determination regarding plaintiff's mental RFC absent alcohol, the ALJ completed the five step sequential evaluation and determined that plaintiff was unable to perform any of her past jobs or any work in the national economy. To remand the case to the ALJ would result in unnecessary delay on an application that plaintiff filed almost seven years ago. Therefore, the case is remanded solely for calculation and payment of benefits.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is denied and the plaintiff's motion for remand is granted. The case, therefore, is remanded to the Commissioner for calculation and payment of benefits.

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   March 5, 2007
         Rochester, New York